UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DASHAWN BURAK BUTLER,**

   Movant,

v.      No. 4:24-cv-1011-P
       (No. 4:22-cr-0121-P)

**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Dashawn Burak Butler, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On April 13, 2022, Movant was named in a three-count indictment charging him in count one with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine (MDMA), in violation of 21 U.S.C. § 846, in count two with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and in count three with possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). CR ECF No.[1] 12. On September 8, 2022, Movant was named in a two-count superseding indictment charging him in count one with conspiracy to possess with intent to distribute a mixture and substance containing 500 grams or more of a detectable amount of cocaine, in

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:22-cr-0121-P.

violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute a mixture and substance containing 500 grams or more of a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). CR ECF No. 57. Movant entered into a plea agreement pursuant to which he agreed to plead guilty to the offense charged by count two of the superseding indictment and the government agreed not to bring any additional charges based upon the conduct underlying and related to the plea of guilty and to dismiss any remaining charges. CR ECF No. 65. The plea agreement set forth the maximum penalties Movant faced, his recognition of the Court's sentencing discretion and role of the guidelines, the waiver of his right to appeal or contest the conviction and sentence in any collateral proceeding except in limited circumstances, and acknowledgment that he had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the legal representation provided to him. *Id*. Movant and his counsel also signed a factual resume setting forth the maximum penalties Movant faced, the elements of the offense charged by count two of the superseding information, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 66.

On October 5, 2022, Movant testified under oath in open court that: he had discussed with his counsel the charges against him, the matter of sentencing, and how the guidelines might apply; he had read and fully understood the charges against him; he understood and admitted that he committed all of the essential elements of the offense charged in count two of the superseding indictment; he was satisfied with the legal representation and advice of his counsel; he had signed, read and understood the plea agreement including the waiver of right to appeal; he knowingly and voluntarily waived his right to appeal as set forth in the plea agreement; he voluntarily entered into the plea agreement; no one had made any promise or assurance or threatened him in any way to coerce him to plead guilty; he understood the penalties he faced; and, he signed the factual resume and had read and fully understood it and the facts contained in it were true and correct. CR ECF No. 119.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 34. CR ECF No. 74, ¶ 53. He received two-level enhancements for maintaining a drug premises, *id.* ¶ 54, and role in the offense. *Id.* ¶ 56. He received a two-level adjustment for acceptance of responsibility. *Id.* ¶ 60. Based on a total offense level of 36 and a criminal history category of IV, his guideline imprisonment range was 262 to 327 months. *Id.* ¶ 103. Movant filed objections, CR ECF No. 92, and the probation officer prepared an addendum to the PSR, which reflected a corrected guideline imprisonment range of 168 to 210 months. CR ECF No. 93.

The Court sentenced Movant to a term of imprisonment of 185 months. CR ECF No. 100. He appealed, CR ECF No. 104, even though he had waived the right to do so. CR ECF No. 65, ¶ 12. Counsel was allowed to withdraw, CR ECF No. 110, and another attorney was appointed to represent Movant on appeal. CR ECF No. 111. The appellate attorney filed a motion to withdraw and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Butler*, No. 23-10162, 2023 WL 6621650 (5th Cir. Oct. 11, 2023).

## GROUNDS OF THE MOTION

Movant raises four grounds in his motion: (1) his plea was not knowing and voluntary; (2) his conviction was obtained by use of evidence obtained during an unlawful arrest; (3) ineffective assistance of counsel; and (4) conviction obtained by coerced confession. ECF No.[2] 1 at 6–7.[3]

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

[3] The page references are to "Page __ of 10" shown at the top right portion of the document on the Court's electronic filing system and are used because the typewritten number on the form used by Movant are not the actual page numbers.

# APPLICABLE LEGAL STANDARDS

## A. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

## B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be

4

substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first and third grounds, Movant alleges that counsel advised him that if he pled guilty to one kilogram of cocaine, the MDMA counts would be dismissed and he would be subject to a guideline imprisonment range of 77 to 96 months. ECF No. 1 at 6. He alleges that he was not aware of potential enhancements and was told that he would receive a three-level reduction for acceptance of responsibility. His attorney was not familiar with federal sentencing procedures and failed to tell him about a change in sentencing date. Further, she failed to object to the PSR. *Id.* The claims are conclusory and unsupported and fail to meet the *Strickland* test. *Miller*, 200 F.3d at 282.

Any contention that Movant's plea was not knowing, voluntary, and intelligent is wholly belied by the record. Movant's plea agreement, CR ECF No. 65, and factual resume, CR ECF No. 66, are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). His solemn declarations in open court, admitting among other things that he understood the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant

clearly understood the penalties he faced and the failure of counsel to accurately predict his sentence or to calculate his guideline range does not render his plea unknowing or involuntary. *See, e.g., United States v. Lincks*, 82 F.4th 325, 331–32 (5th Cir. 2023) (underestimating guideline range not ineffective where movant knew the sentence he faced and denied that counsel had promised a particular sentence); *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989) (erroneous prediction of leniency does not render plea involuntary).

Even if Movant could show that his plea was not knowing and voluntary, he has not shown that there is a reasonable probability that, but for counsels' alleged errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Rather, he simply says that he "would of [sic] reconsidered if [he] would of [sic] known" the MDMA could be considered as relevant conduct. ECF No. 1 at 6. Even assuming Movant means that he would have insisted on going to trial, his own *ipse dixit* is insufficient to meet his burden. *See Lee v. United States*, 582 U.S. 357, 369 (2017). He does not point to any contemporaneous evidence to show that he would have gone to trial, probably because there is none. Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020). As the government notes, the evidence against Movant was strong. ECF No. 6 at 12–13. At no time did he attempt to withdraw his plea, even after learning that his guideline range was greater than he allegedly expected. *See Amaya-Martinez v. United States*, No. 4:22-cv-0235-O, 2023 WL 2316334, at *7 (N.D. Tex. Feb. 28, 2023) (failure to attempt to withdraw plea refuted allegation that movant would not have pled guilty but for counsel's improper advice about deportation).

In his second and fourth grounds, Movant contends that his conviction was obtained by use of improperly-seized evidence. ECF No. 1 at 6–7. He does not provide any evidence to support these allegations.[4] Bald assertions do not support habeas relief. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). In any event, Movant's guilty plea waived all

---

[4] As the government notes, the allegations could not be supported. ECF No. 6 at 15–16.

non-jurisdictional defects in the proceedings leading to conviction, including objections to searches and seizures that violate the Fourth Amendment and claims regarding *Miranda* and coerced confessions. *United Staes v. Cothran*, 302 F.3d 279, 285–86 (5th Cir. 2002); *Franklin v. United States*, 589 F.2d 192, 195 (5th Cir. 1979). Moreover, Movant waived his right to pursue these claims as part of his plea agreement. CR ECF No. 65, ¶ 12. The waiver was knowing and voluntary and is enforceable. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **5th day of February 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE